IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M.P., by and through his Parents,<br>JESSIE P. and RONALD P.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>CAMPUS COMMUNITY SCHOOL,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:16-CV-00151- GAM |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AFFIRM THE DECISION OF THE HEARING PANEL

**SAUL EWING ARNSTEIN & LEHR LLP**

James D. Taylor, Jr. (#4009)
Danielle N. Petaja (#6372)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
James.Taylor@saul.com
Danielle.Petaja@saul.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

ARGUMENT .................................................................................................................................. 1

I. The Hearing Panel's Findings Should Be Accorded Due Weight And Upheld. ................. 1

    A. The Hearing Panel Awarded The Proper Amount Of Compensatory Education ... 2

    B. Compensatory Education For Extended School Year and Summer School Is Not Appropriate ............................................................................................................ 4

    C. Plaintiffs Fail To Support Their Calculation Of The Hourly Rate of Compensatory Education .............................................................................................................. 4

    D. The Temporal Restriction On The Use Of Trust Funds Is Not Prohibited ............. 5

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

CASES

*Board of Educ. v. Rowley*,
   458 U.S. 176 (1982)................................................................................................1

*Coale v. State Dep't of Educ.*,
   162 F. Supp. 2d 316 (D. Del. 2001).....................................................................1, 3

*G.L. v. Ligonier Valley Sch. Dist. Auth.*,
   802 F.3d 601, 608 (3d Cir. 2015)............................................................................3

*J.D.G. v. Colonial Sch. Dist.*,
   748 F. Supp. 2d 362 (D. Del. 2010)........................................................................1

*M.C. v. Cent. Reg'l. Sch. Dist.*,
   81 F.3d 389, 398 (3d Cir. 1996)..............................................................................3

## ARGUMENT

Plaintiffs argue that the Hearing Panel erred by not awarding compensatory education for the entirety of the Student's 1st Grade year, applied too small an hourly rate for the hours it did award and imposed a temporal restriction on the use of the funds that is – in Plaintiffs' view – "utterly unwarranted." Not so. The first ignores the concept that it takes time to identify and evaluate a student for special education services, especially given the complexity of this Student's various symptoms, along with CCS's attempted classroom interventions that were implemented during the first few months of the Student's first year at the School. The hourly rate imposed by the Hearing Panel was supported by the record presented to it, and the temporal restriction does not violate the IDEA. The Hearing Panel's award should be affirmed.

### I. The Hearing Panel's Findings Should Be Accorded Due Weight And Upheld.

Although this Court must conduct an "independent" review of the administrative record, "it is not free to substitute [its] own notions of sound education policy for those of the educational agencies [it] review[s]." *Coale v. State Dep't of Educ.*, 162 F. Supp. 2d 316, 323 (D. Del. 2001) (*citing Board of Educ. v. Rowley*, 458 U.S. 176 (1982)). In IDEA cases, reviewing courts apply a "modified de novo review" of the Hearing Panel's decision. *J.D.G. v. Colonial Sch. Dist.*, 748 F. Supp. 2d 362, 372 (D. Del. 2010). Under the modified *de novo* standard, the reviewing court has plenary review over the panel's legal conclusions, but must give "due weight" to the panel's factual findings. *Id.* Under this standard, the court's factual findings are to be treated as *prima facie* correct, and if the court fails to adhere to those facts, it must explain why. *Id.* ("The 3rd Circuit requires that, if the district court does not follow the agency's ruling, it must provide an explanation of why its decision differs from that of the agency.").

The Hearing Panel heard two days of testimony and considered thousands of pages of documents in the record, made credibility and factual determinations and crafted a remedy for the violations it found. Its findings are entitled to due weight and should be upheld on appeal before this Court.

### A. The Hearing Panel Awarded The Proper Amount Of Compensatory Education

In seeking three full years of compensatory education,[1] Plaintiffs ask this Court to determine that CCS should have had a fully functional IEP in place the moment the Student entered its school, before CCS had any opportunity to observe or evaluate the Student, to apply classroom interventions, to speak to educators and health care professionals, and to perform assessments or conduct other testing. That position is neither supported by the law nor the facts in this case.

The Hearing Panel considered all of the evidence presented and found that it was reasonable for the school to take several months to identify and evaluate the student before implementing an IEP.[2] In this case, the Student's parents requested an evaluation in February of

---

[1] Plaintiffs accuse the School of "falsely" asserting in its Answering Brief that the family had not asked for the compensatory damages awarded by the Hearing Panel to be made available during the pendency of the appeal. D.I. 57 at p. 9. The recitation in the Answering Brief stood for the modest point that the appeal had inevitably delayed the Student's receipt of services. It was based on the facts known to the undersigned, neither of whom were parties to the conversation between Attorneys O'Connell Mahler and McCowan (who left the Firm and withdrew from this case in Fall 2017) as described in the Affidavit of the former attached by the Plaintiffs.

[2] Plaintiffs note, incorrectly, in their Answering Brief that CCS argues it did not have sufficient information to provide the Student with an IEP until the end of his 3rd grade year. D.I. 57 at p. 2, n. 1. Not so. CCS is not appealing the Hearing Panel's decision awarding two full years of compensatory education for the Student's 2nd and 3rd grade years. CCS is arguing that the Hearing Panel's determination that the 1st grade year should be excluded from the compensatory education award is correct because it was based on an allowance for the several months from an initial request through testing, evaluation, meeting and designing an IEP and that this period of time is reasonable under the law such that the exclusion of the 1st grade year in the compensatory education award is proper.

the Student's 1st grade year and the Hearing Panel held that an IEP should have been in place by the beginning of the Student's 2nd grade year. This is a reasonable amount of time under the law and this determination should be upheld on appeal.

Compensatory education is awarded for the period of educational deprivation but "excluding the time reasonably required for the school district to recognize the problem." *Coale v. State Dep't of Educ.*, 162 F. Supp. 2d 316, 334 (D. Del. 2001), *citing M.C. v. Cent. Reg'l. Sch. Dist.*, 81 F.3d 389, 398 (3d Cir. 1996); *see also, G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 608 (3d Cir. 2015). The Hearing Panel recognized this and found that several months between an initial request and IEP development was reasonable and it awarded compensatory education based on this reasonable approach. In the case of the Student's 1st grade year (the only full year of compensatory education at issue in this case), the Student's parents made a request in February and the Hearing Panel found that the School should have had an IEP in place by the beginning of the following school year. No IEP was in place by the beginning of the Student's 2nd grade year; thus, the Hearing Panel awarded two years of compensatory education (the remaining years the Student was at the School). This decision should be upheld on appeal.

Even if the Plaintiffs are correct that the Student's first grade teacher's contact with special education services in November to "discuss" the Student (not refer, but to discuss) started the clock for identification, that is still three months into the Student's first year at CCS, and does not account for the reasonable period of time for testing, evaluation and meetings that must occur before an IEP is designed and implemented. So, even crediting Plaintiffs' argument, a reasonable amount of time after November puts an IEP implementation date at mid-Spring of the Student's 1st grade year – at most two additional months of compensatory education.

### B. Compensatory Education For Extended School Year and Summer School Is Not Appropriate

Plaintiffs do not respond to CCS's argument regarding compensatory education for extended school year ("ESY") and summer school. As such, the Hearing Panel's judgment on the non-award of ESY and summer school should be upheld. The IEP that was ultimately put in to place at the end of the Student's third grade year (even after all of the alleged deprivations asserted by the Plaintiffs) did not include ESY. AR 7-43 at p.11. That IEP was informed by the Plaintiffs' individual evaluator's report and approved by the Plaintiffs and the CCS team. *Id.*; *see also* AR 7-42. The Student was making sufficient educational progress at the end of his 3rd grade year to not require ESY. The Hearing Panel's factual finding that the IEP was adequate without ESY should be accorded due weight by this Court and upheld. Plaintiffs have offered no justification for this Court to disturb the Hearing Panel on this issue.

### C. Plaintiffs Fail To Support Their Calculation Of The Hourly Rate of Compensatory Education

The Hearing Panel awarded compensatory education at a rate of $17.50 per hour based on the Student's mother's testimony that she paid a tutor $35.00 per hour for services provided to *both* the Student and his sister. As with all factual findings of the Hearing Panel, it is entitled to "due weight" by the reviewing court. To the extent this Court deems a different rate appropriate, it is far below the $74-84 per hour rate proposed by Plaintiffs.

Plaintiffs assert that the Student is entitled to use the compensatory award for specialized instruction. But there is no record to support the artificial inflation of the value of the services to be provided to the Student that results from the Plaintiffs' assumption that half of the hours of the Student's compensatory education will be spent with specialized instructors at a rate of $118

per hour provided by a main-line Philadelphia based company.[3] Plaintiffs' own affidavits from service providers in Dover, DE place the value of compensatory education hours at $30-45 per hour. Plaintiffs do not provide any affidavit from any specialized instructor in the Dover area to support their claim that the appropriate value of the compensatory education award should include specialized services at $118 per hour for half of the compensatory education hours, placing the average rate between $74 and $84. In the absence of such proof, the Plaintiffs' position should be rejected and the decision affirmed. Should the Court conclude that the Hearing Panel erred when it awarded $17.50/hour, the record does not support an amount above the range of $30 - $45 an hour as described above.

### D.     The Temporal Restriction On The Use Of Trust Funds Is Not Prohibited

Plaintiffs continue to rely on cases that *allow* the use of compensatory education awards beyond a student's 21st birthday, but do not point to a single case that *prohibits* a Hearing Panel's imposition of a time limit. Plaintiffs own Reply Brief admits as much, "compensatory education *may* properly be awarded and used through age 21." D.I. 57 at 9 (emphasis added). In the absence of authority prohibiting a limitation, the Hearing Panel's limitation on the use of the award should stand.

---

[3] Plaintiffs initially asserted that a 1:1 ratio of specialized instruction to regular tutoring was appropriate. Plaintiffs then concede in response to CCS's argument that only two of the affidavits used to support their position include services performed in the relevant market, that perhaps a 2:1 ratio of specialized instruction to regular tutoring is appropriate. In reality, Plaintiffs have no idea what ratio is appropriate and failed to offer any testimony at the hearing, or any affidavit in the limited discovery allowed on appeal, to support what proportion of the compensatory education award should be specialized versus regular. The record is closed on this point and in the absence of evidence to support Plaintiffs' position, CCS submits that the Hearing Panel's judgment as to the appropriate rate should stand.

## CONCLUSION

Plaintiffs have not provided this Court with justification to modify the remedy awarded by the Hearing Panel after its consideration of two days of testimony, thousands of pages of administrative record, closing arguments and post-hearing briefs. The Hearing Panel's findings should be given due weight by this Court and upheld on appeal.

 

SAUL EWING ARNSTEIN & LEHR LLP

/s/ James D. Taylor, Jr.
James D. Taylor, Jr. (#4009)
Danielle N. Petaja (#6372)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
James.Taylor@saul.com
Danielle.Petaja@saul.com
*Counsel for Defendant*

Dated: May 23, 2018